```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


ROBERT TEMPLE,                      )    CASE NO. 4:06 CV 664
                                    )
          Plaintiffs,               )    JUDGE JOHN R. ADAMS
                                    )
     v.                             )
                                    )    MEMORANDUM OF OPINION
PETER C. ECONOMUS, Judge, et al.,   )    AND ORDER
                                    )
          Defendants.               )
```

On March 23, 2006, plaintiff pro se Robert Temple filed this in forma pauperis action against United States District Judge Peter C. Economus, Cuyahoga County Domestic Relations Judge James P. Celebreeze, Cuyahoga County Board of Commissioners, United States Court of Appeals Judges Gibbons and Batchelder, United States District Judge Beer, Jill Friedman-Helfman, and Taft Stettius & Holster.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e), and plaintiff is enjoined from filing any new lawsuits or other documents in this court without seeking and obtaining leave to do so.  Further, the Clerk is instructed not to accept or file any further documents in this action.

On April 14, 2003, Robert Temple, the plaintiff herein,

filed an action in this court against Judge James P. Celebreeze, asserting Judge Celebreeze violated his rights in connection with Temple's divorce proceedings. Case No. 4:03 CV 689. The action was dismissed by Judge Peter C. Economus on May 13, 2003. The decision was affirmed on appeal by Judges Gibbons, Batchelder and Beer on May 28, 2004. The case at bar seeks essentially to relitigate the previous action, with the addition of the defendant federal judges and defendants Board of County Commissioners, Attorney Jill Friedman-Helfman, and Taft, Stettius & Holster.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

It has already been determined in the aforementioned proceeding by Judge Economus that Judge Celebreeze is absolutely immune for the actions of which plaintiff complains. Further, plaintiff's claims against Judge Economus and Judges Gibbons,

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Batchelder, and Beer are spurious and patently frivolous. No colorable claims are set forth against the remaining defendants.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[2]

This action is clearly vexatious and intended to harass the named defendants. Further, it seems entirely likely that plaintiff will continue to sue judicial officers, ad infinitum,

---

[2] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

simply on the ground that he does not agree with their decisions. Accordingly, Robert Temple is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent further harassment of the court by

plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Temple prior to his obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, CIS forms, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Temple files, unless and until leave is granted.

Accordingly, plaintiff's request to proceed <u>in forma pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 S/John R. Adams 5/4/06
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE